## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KIRKLAND, Individually And On Behalf Of All Others Similarly Situated, | **CIVIL ACTION NO. 1:03cv12302 (RWZ)** |
| Plaintiff, | |
| v. | |
| CLEAN HARBORS, INC., ALAN S. MCKIM, and ROGER A. KOENECKE, | |
| Defendants. | |

| | |
|---|---|
| ROBERT J. MEYER, Individually And On Behalf Of All Others Similarly Situated, | **CIVIL ACTION NO. 1:03cv12523 (RWZ)** |
| Plaintiff, | |
| v. | |
| CLEAN HARBORS, INC., ALAN S. MCKIM, and ROGER A. KOENECKE, | |
| Defendants. | |

[Additional Captions Below]

**MEMORANDUM OF SANFORD FELD IN SUPPORT
OF HIS MOTION TO CONSOLIDATE THE ACTIONS, BE APPOINTED
AS LEAD PLAINTIFF AND APPROVE HIS CHOICE OF LEAD COUNSEL**

| | |
|---|---|
| STANLEY SVED, Individually And On Behalf Of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLEAN HARBORS, INC., ALAN S. MCKIM, and ROGER A. KOENECKE, )<br>)<br>Defendants. ) | **CIVIL ACTION NO. 1:03cv12581 (RWZ)** |
| ROBERT REUBEN, on Behalf of Himself and all Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLEAN HARBORS, INC., ALAN S. MCKIM, and ROGER A. KOENECKE, )<br>)<br>Defendants. ) | **CIVIL ACTION NO. 1:04cv10061 (RWZ)** |

**PRELIMINARY STATEMENT**

Presently pending before the Court are four securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the securities of Clean Harbors, Inc. ("Clean Harbors" or the "Company") during the period November 19, 2002 and August 14, 2003 (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated under Section 10(b), against defendants Clean Harbors, Alan S. McKim, and Roger A. Koenecke (collectively, the "Individual Defendants").

Class member Sanford Feld (the "Movant") hereby moves this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order (a) consolidating the captioned actions for all purposes; (b) appointing Movant as lead plaintiff in the Actions; and (c) approving Movant's selection of Bernstein Liebhard & Lifshitz, LLP ("Bernstein Liebhard") as lead counsel for the Class and Shapiro Haber & Urmy LLP ("Shapiro Haber") as liaison counsel for the Class.

During the Class Period, Sanford Feld purchased 6,500 shares of Clean Harbors common stock and incurred losses of approximately $26,899.65. Movant believes that his losses represent the largest financial interest in the outcome of the litigation.

**STATEMENT OF FACTS**

Plaintiffs allege that by the start of the Class Period, unbeknownst to investors, Clean Harbors was experiencing difficulties integrating the operations of Safety-Kleen Corp.'s Chemical Services Division, which it had just acquired. Moreover, the integration process was distracting the Company from its core business, thereby causing the Company to experience

declining results. Notwithstanding the foregoing difficulties, throughout the Class Period, defendants projected increasing revenues earnings for the Company, which caused a dramatic increase in the price of Clean Harbors common stock.

On May 14, 2003, Clean Harbors surprised the market by announcing that its EBITDA for the first quarter of 2003 was below the quarterly minimum required by certain covenants in the Company's loan agreements and that the Company would have to renegotiate the terms of its agreements with its lenders, causing its stock price to drop from $12.98 to $10.90 per share. The true extent of the problems at Clean Harbors were not fully revealed until August 14, 2003, when the Company announced that it would miss its earnings targets for the second quarter of 2003 and that it was being negatively impacted by a variety of factors, causing the stock price to further decline to $6.23 per share.

## ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Rule 42(a) provides for consolidation "[w]hen actions involving a common question of law or fact are pending before the court." Accord Manual for Complex Litigation (3d), § 20.123, at 13-14 (1995). See also Howard Gunty Profit Sharing Plan v. Carematrix Corp., Lead Civ. No. 99-12318-MLW, 2000 WL 33348124, at *3 (D. Mass. Aug. 15, 2000). The PSLRA also contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

"In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and

fact and defendants will not be prejudiced." Mitchell v. Complete Mgmt., Inc., No. 99 Civ. 1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999); Weltz v. Lee, No. 00 Civ. 3863, 2001 WL 228412, at *2 (S.D.N.Y. Mar. 7, 2001). Consolidating multi-shareholder class action suits streamlines and simplifies pre-trial and discovery motions, class action issues, clerical and administrative management duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. In Re Olsten Sec. Litig., 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998); Switzenbaum v. Orbital Sciences Corp., 187 F.R.D. 246, 248 (E.D. Va. 1999).

The actions pending before this Court present similar factual and legal issues, as they allege violations of the same sections of the Exchange Act and name the Company, and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) and the PSLRA is appropriate.

> **1. The Court Should Resolve The Consolidation Issue
> As a Prerequisite to The Determination of Lead Plaintiff**

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movant has an interest in moving these actions forward, he respectfully urges the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District.

### B. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

#### 1. The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the court to consider within 90 days all motions filed within 60 days after publication of that notice made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Section 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be

4

rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and he is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### a.     **Movant Is Willing To Serve As Class Representative**

On November 18, 2003, counsel caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against, among others, Clean Harbors, and which advised putative class members that they had until January 19, 2004 to file a motion to seek appointment as a lead plaintiff in the action.[1] Movant has reviewed one of the complaints filed in the pending actions and has timely filed his motion pursuant to the Notice. In doing so, Movant has attached his certifications attesting to his willingness to serve as a representative of the Class and provide testimony at deposition and trial, if necessary. See Hess-Mahan Decl., Ex. A. Accordingly, Movant satisfies the first requirement to serve as lead plaintiff for the Class. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa).

---

[1]     The first action against Clean Harbors, denominated Kirkland v. Clean Harbors, Inc. et al., 2003 Civ. No. 12302 (RWZ) (D.C. Mass.) was filed on or about November 18, 2003. On November 18, 2003, the Notice was published over the Business Wire. See Declaration of Theodore Hess-Mahan ("Hess-Mahan Decl."), Ex. C.

      b.      **Movant Has The Largest Financial Interest In The Relief Sought In This Action**

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Movant submits that he has the largest financial interest of any shareholder or group of shareholders seeking to be appointed lead plaintiff. Movant purchased 6,500 shares of Clean Harbors common stock and suffered losses of $26,899.65. See Hess-Mahan Decl., Ex. B. These losses are significant enough to ensure that Movant has a sufficient financial stake to remain an active participant in the action and oversee its vigorous prosecution by counsel. See Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129, 1135-36 (C.D. Cal. 1999); In re Cendant Corp. Litig., 182 F.R.D. 144, 147-8 (D.N.J. 1998). See also House Conference Report No. 104-369, 104th Cong.1st Sess. at 34 (1995) (citing Conference Report of Securities Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, reprinted in U.S.C.C.A.N. 679, 730-31). Movant is not aware of any other moving party who has suffered larger losses. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as lead plaintiff in the Actions. Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

      c.      **Movant Satisfies The Requirements of Rule 23(a) Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA provides that the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Typicality and adequacy of representation (Rules 23(a)(3) & (a)(4)) are the only provisions

relevant to a determination of lead plaintiff under the PSLRA.  See In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46 (D. Mass. 2001).

The claims asserted by Movant are typical of those of the Class.  Movant, like the members of the Class, purchased Clean Harbors common stock during the Class Period at prices artificially inflated by defendants' materially false and misleading statements, and was damaged thereby.  Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other class members and his losses result from defendants' common course of conduct.  Lernout, 138 F. Supp. at 46; In re Bank of Boston Corp. Sec. Litig., 762 F.Supp. 1525, 1532 (D.Mass.1991).  Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

Movant is an adequate representative for the Class because there is no antagonism between his interests and those of the Class.  Lernout, 138 F. Supp. at 46; Adair v. Sorenson, 134 F.R.D. 13, 18 (D. Mass. 1991).  Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

### C.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court

should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Bernstein Liebhard as the proposed lead counsel for the Class and Shapiro Haber as the proposed liaison counsel for the Class. Bernstein Liebhard and Shapiro Haber have extensive experience prosecuting complex securities class actions, such as this one, and are well qualified to represent the Class. See Hess-Mahan Decl., Exs. D and E for the firm resumes of Bernstein Liebhard and Shapiro Haber. As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel and Shapiro Haber as liaison counsel, the Class is receiving the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the captioned, and all subsequently-filed, related actions; (2) appoint Movant as lead plaintiff in the captioned, and all subsequently-filed, related actions; and (3) approve Movant's selection of Bernstein Liebhard and Shapiro Haber to represent plaintiffs and the Class.

Dated:   January 20, 2004                              **SHAPIRO HABER & URMY LLP**

/s/ Theodore Hess-Mahan
Theodore Hess-Mahan BBO #557109
75 State Street
Boston, Massachusetts 02109
(617) 439-3939
(617) 439-0134 (facsimile)

**Liaison Counsel for Movant and
Proposed Liaison Counsel for the Class**

8

        **BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
Sandy A. Liebhard
Joseph R. Seidman, Jr.
10 East 40th Street, 22nd Floor
New York, NY 10016
(212) 779-1414
(212) 779-3218 (facsimile)

**Counsel for Movant and
Proposed Lead Counsel for the Class**