# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KIRKLAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAN HARBORS, INC., ALAN S. MCKIM and ROGER A. KOENECKE,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action 1:03cv12302 RWZ |
| ROBERT J. MEYER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAN HARBORS, INC., ALAN S. MCKIM and ROGER A. KOENECKE,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action 1:03cv12523 RWZ |

Additional Captions to Follow

**MEMORANDUM IN SUPPORT OF THE MOTION OF KENDAL SVEDEEN AND ROBERT J. MEYER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

| | | |
|---|---|---|
| STANLEY SVED, individually and on behalf of all others similarly situated, | ) ) | Civil Action 1:03cv12581 RWZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLEAN HARBORS, INC., ALAN S. MCKIM and ROGER A. KOENECKE, | ) ) | |
| | ) | |
| Defendants. | ) | |
| ROBERT REUBEN, On Behalf of Himself and all Others Similarly Situated, | ) ) | Civil Action 1:04cv10061 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLEAN HARBORS, INC., ALAN S. MCKIM and ROGER A. KOENECKE, | ) ) | |
| | ) | |
| Defendants | ) | |

## PRELIMINARY STATEMENT

Presently pending before this Court are at least four-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Clean Harbors, Inc. ("Clean Harbors" or the "Company") common stock between November 19, 2002 and August 14, 2003, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Class Members Kendal Svedeen, on behalf of Coastal Consulting LLC Retirement Plan ("Svedeen"), and Robert J. Meyer ("Meyer"), hereby move this Court for an order to: (i) consolidate the Actions; (ii) appoint Svedeen and Meyer as Lead Plaintiffs in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Svedeen and Meyer's selection of the law firms of Cauley Geller Bowman & Rudman, LLP ("Cauley Geller") and Milberg Weiss Bershad Hynes and Lerach LLP ("Milberg Weiss") to serve as Lead Counsel and Shapiro Haber & Urmy LLP ("Shapiro Haber") to serve as Liaison Counsel.

This motion is made on the grounds that Svedeen and Meyer are the most adequate plaintiffs, as defined by the PSLRA.  Svedeen and Meyer collectively suffered losses of $4,865.00 in connection with their purchases of Clean Harbors common stock during the Class

Period.[1] See Hess-Mahan Decl. Ex. C.[2]  To the best of our knowledge, this is the greatest loss

sustained by any moving class member or class member group who has brought suit or filed an

application to serve as Lead Plaintiff in these Actions.  In addition, Svedeen and Meyer, for the

purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of

Civil Procedure in that their claims are typical of the claims of the putative class and that they

will fairly and adequately represent the interests of the class.

### FACTUAL BACKGROUND [3]

Clean Harbors, Inc., through its subsidiaries, is managed in two segments: Technical

Services and Site Services, which provide a wide range of environmental services and solutions.

Following the 2002 acquisition of Safety Kleen Services, Inc., the Company became a provider

of environmental services and an operator of hazardous waste treatment facilities in North

America. The Company has a network of 52 active hazardous waste management properties.

Services offered at these properties include incineration at five facilities, nine commercial

landfills, 12 wastewater treatment operations, 23 transportation, storage and disposal facilities

---

[1]    The losses suffered by Svedeen and Meyer are not the same as their legally
compensable damages, measurement of which is often a complex legal question which cannot be
determined at this stage of the litigation.  The approximate losses can, however, be determined
from the certifications required under Section 21D of the Exchange Act and based upon reference
to information concerning the current market for the Company's securities.  Svedeen and Meyer's
transactions in Clean Harbors shares are set forth in the accompanying loss chart.

[2]    References to the "Hess-Mahan Decl., Ex. __" are to the exhibits attached to the
accompanying Declaration of Theodore M. Hess-Mahan dated January 20, 2004 and submitted
herewith.

[3]    These facts are drawn from the allegations in the complaint captioned James
Kirkland v. Clean Harbors, Inc., et al., 1:03cv12302 (RWZ) (the "Kirkland Action").  See Hess-
Mahan Decl. Ex. A.

and six locations specializing in polychlorinated biphenyls management.

The complaint alleges that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.  Specifically, the complaint alleges that by the start of the Class Period, unbeknownst to investors, Clean Harbors was experiencing difficulties integrating the operations of Safety-Kleen Corp.'s Chemical Services Division, which it had just acquired.  Moreover, the integration process was distracting the Company from its core business, thereby causing the Company to experience declining results. Notwithstanding the foregoing difficulties, throughout the Class Period, defendants projected increasing revenues and earnings for the Company, which caused a dramatic increase in the price of Clean Harbors common stock.  While the stock was trading at these levels, certain Clean Harbor insiders sold their personally-held Clean Harbors common stock to the unsuspecting public.  In addition, defendant McKim engaged in a forward sale of 200,000 shares of his stock which permitted him to lock in gains in his stock but not suffer from any decline in the price of Clean Harbors stock.

Then, on May 14, 2003, Clean Harbors surprised the market by announcing that its EBITDA for the first quarter of 2003 was below the quarterly minimum required by certain covenants in the Company's loan agreements and that the Company would have to renegotiate the terms of its agreements with its lenders.  In response to this announcement, the price of Clean Harbors stock plummeted from $12.89 per share to $10.90 per share on extremely heavy trading volume.  The true extent of the problems at Clean Harbors were not revealed until August 14, 2003, when it announced that it would miss its earnings targets for the second quarter of 2003 and that it was being negatively impacted by a variety of factors.  Following this announcement,

3

the price of Clean Harbors common stock declined further to $6.23 per share.

## ARGUMENT

## POINT I

## THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of Clean Harbors shares for alleged violations of the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Clean Harbors shares during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Clean Harbors securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (3d Cir.) (1990). That test is met here and, accordingly, the Actions should be consolidated.

## POINT II

## SVEDEEN AND MEYER SHOULD BE APPOINTED LEAD PLAINTIFFS

### A.     The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff

4

in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the Kirkland Action caused the first notice regarding the pendency of these actions to be published on PR Newswire, a national, business-oriented newswire service, on November 18, 2003. See Hess-Mahan Decl. Ex. B. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice...
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23
of the Federal Rules of Civil Procedure.

15 U.S.C.  78u-4(a)(3)(B)(iii).  See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D.

Mass. 1996).

**B.    Svedeen and Meyer Satisfy the "Lead Plaintiff"
       Requirements Of The Exchange Act**

      **1.    Svedeen and Meyer Have Complied With The
       Exchange Act And Should Be Appointed Lead Plaintiffs**

The time period in which class members may move to be appointed Lead Plaintiff herein

under 15 U.S.C.  § 78u-4(a)(3)(A) and (B) expires on January 20, 2004.  Pursuant to the

provisions of the PSLRA and within the requisite time frame after publication of the required

notice (published on November 18, 2003),  Svedeen and Meyer timely move this Court to be

appointed Lead Plaintiffs on behalf of all members of the class.

Svedeen and Meyer have duly signed and filed certifications stating that they are willing

to serve as representative parties on behalf of the class.  See Hess-Mahan Decl. Ex. D.  In

addition, Svedeen and Meyer have selected and retained competent counsel to represent them and

the class. See Hess-Mahan Decl. Exs. E-G.  Accordingly, Svedeen and Meyer have satisfied the

individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application

for appointment as Lead Plaintiffs and selection of Lead and Liaison Counsel as set forth herein,

considered and approved by the Court.

6

**2.    Svedeen and Meyer Have The Requisite Financial
Interest In The Relief Sought By The Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, see Hess-Mahan Decl. Ex. D., Svedeen and Meyer purchased shares of Clean Harbors stock in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby.  In addition, Svedeen and Meyer collectively incurred a substantial $4,865.00 loss on their transactions in Clean Harbors shares.  Svedeen and Meyer thus have a significant financial interest in this case.  Therefore, Svedeen and Meyer satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in this action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

**3.    Svedeen and Meyer Otherwise Satisfy Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- - directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality

7

and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. <u>Lax v. First Merchants Acceptance Corp.,</u> 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997); <u>Fischler v. Amsouth Bancorporation,</u> No. 96-1567-Civ -T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997). Svedeen and Meyer satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. <u>See Rossini v. Ogilvy & Mather, Inc.,</u> 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. <u>See Priest v. Zayre Corp.,</u> 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. <u>Phillips v. Joint Legislative Comm. on Performance & Expenditure Review,</u> 637 F.2d 1014, 1024 (5th Cir. 1981).

Svedeen and Meyer satisfy this requirement because, just like all other class members, they: (1) purchased Clean Harbors shares during the Class Period; (2) purchased Clean Harbors shares in reliance upon the allegedly materially false and misleading statements issued by

defendants; and (3) suffered damages thereby. Thus, Svedeen and Meyer's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Svedeen and Meyer to represent the class to the existence of any conflicts between the interest of Svedeen and Meyer and the members of the class.  The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members;  and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Modell v. Eliot Sav. Bank, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Svedeen and Meyer are adequate representatives of the class. As evidenced by the injuries suffered by Svedeen and Meyer, who purchased Clean Harbors shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Svedeen and Meyer are clearly aligned with the members of the class, and there is no evidence of any antagonism between Svedeen and Meyer's interests and those of the other members of the class. Further, Svedeen and Meyer have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, Svedeen and Meyer's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Svedeen and Meyer prima facie satisfy the commonality, typicality

9

and adequacy requirements of Rule 23 for the purposes of this motion.

**POINT III**

**<u>THE COURT SHOULD APPROVE</u>**
**<u>SVEDEEN AND MEYER'S CHOICE OF COUNSEL</u>**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Svedeen and Meyer have selected the law firms of Cauley Geller and Milberg Weiss as Lead Counsel and the law firm of Shapiro Haber as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. <u>See</u> Hess-Mahan Decl. Exs. E-G. Accordingly, the Court should approve Svedeen and Meyer's selection of counsel.

**<u>CONCLUSION</u>**

For all the foregoing reasons, Svedeen and Meyer respectfully request that the Court: (i) consolidate the Actions; (ii) appoint Svedeen and Meyer as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

Dated: January 20, 2004

Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

/s/ Theodore M. Hess-Mahan
Thomas G. Shapiro BBO #454680
Theodore M. Hess-Mahan BBO #557109
75 State Street
Boston, Massachusetts 02109
Telephone:     (617) 439-3939

10

Facsimile:      (617) 439-0134

**Proposed Liaison Counsel**

**CAULEY GELLER BOWMAN
  & RUDMAN, LLP**
Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone:      (631) 367-7100
Facsimile:      (631) 367-1173

**MILBERG WEISS BERSHAD
  HYNES AND LERACH LLP**
Steven G. Schulman
Peter E. Seidman
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**Proposed Lead Counsel**

11